ORIGINAL

# In the United States Court of Federal Claims

No. 13-945 C
Filed: April 23, 2014
**NOT TO BE PUBLISHED**

FILED
APR 23 2014
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MARCUS D. WRIGHT,

    Plaintiff, *pro se*,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Marcus D. Wright**, San Antonio, Texas, *pro se*.

**Tanya Beth Koenig**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**MEMORANDUM OPINION AND ORDER**

**BRADEN**, *Judge*.

**I.    RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY.**[1]

    On September 12, 2013, the Federal Bureau of Investigation ("FBI") arrested Plaintiff in San Antonio, Texas. Compl. 1–2; *see also* Compl. Ex. A at 2. On October 2, 2013, a grand jury indicted Plaintiff along with two other defendants for sex trafficking of minors in violation of 18 U.S.C. § 1591(a) and (b)(2). Compl. 12; *see also United States v. Wright*, No. 13-806 (W.D. Tex. filed Oct. 2, 2013) (Criminal Indictment).

    On December 2, 2013, Plaintiff filed a Complaint in the United States Court of Federal Claims, alleging that, during Plaintiff's September 12, 2013 arrest, FBI agents subjected Plaintiff to unlawful search, seizure and arrest, "without valid arrest and seizure warrants." Compl. 1–2,

---

[1] The relevant facts discussed herein were derived from Plaintiff's December 2, 2013 Complaint, entitled "Petition For A 'Writ Of Supervisory Control,'" and the accompanying Exhibit A.

13. The Complaint alleges that Plaintiff's continued confinement, as a pre-trial detainee, is unlawful. Compl. 4. The Complaint further alleges that Plaintiff has been assigned ineffective counsel.[2] Compl. 2–3, 10, 13–14, 16. The Complaint asks the United States Court of Federal Claims to "monitor and review all further pretrial proceedings and decisions" of the United States District Court for the Western District of Texas, "make all further decisions in this federal criminal cause[,] and monitor all civil rights violations that may further [o]ccur herein." Compl. 1.

On January 2, 2014, Plaintiff filed a Motion For Appointment Of Counsel and a Motion For Leave To File An Amended Complaint alleging that the federal public defender assigned to Plaintiff filed a motion for continuance, without Plaintiff's consent because Plaintiff would not agree to a plea deal. Am. Compl. 2, 12. The Amended Complaint also alleges that the United States defamed Plaintiff by releasing false information about him to the press. Am. Compl. 3–4. The Amended Complaint seeks injunctive relief, dismissal of Plaintiff's criminal case, and damages of $500,000. Am. Compl. 4–5.

On January 8, 2014, Plaintiff filed an Application To Proceed *In Forma Pauperis*, which the court granted on January 15, 2014. On January 15, 2014, Plaintiff filed a series of documents that included: an "Order To Show Cause For A[] Preliminary Injunction & A Temporary Restraining Order," an "Affidavit In Support Of Injunction [And] Or Temporary Restraining Order," a "Request For Production Of Documents," and tax forms apparently related to Plaintiff's January 8, 2014 Application To Proceed *In Forma Pauperis*. Plaintiff seeks an injunction to "suspend all . . . contractual (contracts) agreements between the Department of Justice and [Plaintiff]" and release Plaintiff from federal custody. Dkt. 7 at 12–14.

On January 17, 2014, the Government filed a Response to Plaintiff's January 2, 2014 Motions. On January 23, 2014, Plaintiff filed an "Affidavit Of Discharged & Legal Tender Acknowledgment," a "Memorandum of Law In Support Of Internal Revenue Code—Section 6226," together with other tax forms and miscellaneous documents.

On February 11, 2014, Plaintiff filed a "Motion For Stay Of Injunction And Or Temporary Restraining Order," which the court construes as a Reply to the Government's January 17, 2014 Response.[3]

On February 28, 2014, the Government filed a Motion To Dismiss. On March 26, 2014, Plaintiff filed a "Notice Of Fault And Opportunity To Cure And Contest Acceptance For Value For Discharge Of Debt." On March 28, 2014, the Government filed a Reply.

---

[2] Specifically, the Complaint alleges that the federal public defender assigned to represent Plaintiff in the criminal case in Texas "manipulat[ed] [Plaintiff] into waiving important due process rights as a pretrial detainee, namely, 'bond' and 'preliminary' hearing." Compl. 10. In addition, the public defender "has become severely ill mannered towards [Plaintiff] and is now refusing to answer any of [Plaintiff's] phone calls." Compl. 10.

[3] Plaintiff also filed a copy of the February 11, 2014 Motion For Stay on March 19, 2014.

## II. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages . . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 217 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard Of Review For Pro Se Litigants.

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C. Standard Of Review For Appointment Of Counsel In Civil Proceedings.

The Sixth Amendment right to counsel attaches at a "criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction." *Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191, 213 (2008); *see also*

*Johnson v. Zerbst*, 304 U.S. 458, 468 (1938) ("If the accused . . . is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty.").

The constitutional right to counsel, however, does not extend to civil matters. Instead, the United States Supreme Court has held that courts should weigh the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to evaluate whether due process requires the appointment of counsel in civil proceedings where the loss of personal liberty may be at stake. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 31 (1981) (requiring the lower court to apply the *Eldridge* factors for appointment of counsel in a child custody termination proceeding); *see also Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988) (holding that the *Eldridge* factors do not warrant appointment of counsel for an indigent raising takings and breach of contract claims against the Government). The *Eldridge* factors require the court to examine (1) "the private interest that will be affected;" (2) "the risk of an erroneous deprivation of such interest" along with "the probable value, if any, of additional or substitute safeguards;" and (3) "the Government's interest." *Eldridge*, 424 U.S. at 335. Even if personal freedom of the indigent is at stake, the right to counsel is not automatic. *See Turner v. Rogers*, 131 S. Ct. 2507, 2517 (2011) ("[T]he Court previously had found a right to counsel '*only*' in cases involving incarceration, not that a right to counsel exists in *all* such cases[.]" (emphasis in original)).

The United States Court of Federal Claims also may appoint counsel in civil cases, pursuant to 28 U.S.C. § 1915(e)(1),[4] but this power "should only be exercised in extreme circumstances." *Washington v. United States*, 93 Fed. Cl. 706, 708 (2010). Extreme circumstances warranting the appointment of counsel may include "quasi-criminal penalties or severe civil remedies." *Id.* at 708.

### D.  Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (permitting parties to assert "lack of subject matter jurisdiction" as a defense by motion). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797. Nonetheless, Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds*, 846 F.2d at 748 ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

---

[4] 28 U.S.C. § 1915(e)(1) provides that: "The court may request an attorney to represent any person unable to afford counsel." Section 2503(d) further provides that "[f]or the purpose of construing section[] . . . 1915 . . . of this title, the United States Court of Federal Claims shall be deemed to be a court of the United States." 28 U.S.C. § 2503(d).

E.     **Issues Raised In This Proceeding.**

1.     **Plaintiff's December 2, 2013 Request For Supervision Over The Criminal Case In The United States District Court For The Western District Of Texas.**

a.     **Plaintiff's Argument.**

The December 2, 2013 Complaint requests that this court supervise "all further pretrial proceedings and decisions" and "make all further decisions in" Plaintiff's criminal case pending in the United States District Court for the Western District of Texas, because of alleged constitutional violations and unlawful actions by the District Court. Compl. 3–4.

b.     **The Government's Response.**

The Government responds that the United States Court of Federal Claims does not have jurisdiction to supervise Plaintiff's criminal case. Gov't 1/17/14 Resp. 1 (citing *Spencer v. United States*, 98 Fed. Cl. 349, 356 (2011) (observing that the United States Court of Federal Claims does not have the authority to review a district court's determination)); *see also* Gov't 2/28/14 Mot. 6 (citing *Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994) (holding that the United States Court of Federal Claims does not have authority to review district court decisions or jurisdiction over claims based on criminal violations)). Nor does this court have jurisdiction to adjudicate criminal cases. Gov't 1/17/14 Resp. 1 (citing *Spencer*, 98 Fed. Cl. at 356 (finding the court does not have authority to hear claims brought under the federal criminal code)); *see also* Gov't 2/28/14 Mot. 6 (citing *Joshua*, 17 F.3d at 379–80 (quoting and summarily affirming an order that stated "[t]he [C]ourt [of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code")).

To the extent that Plaintiff is seeking a writ of *habeas corpus*, the United States Court of Federal Claims does not have jurisdiction to adjudicate such a claim. Gov't 2/28/14 Mot. 7 (citing *Johnson v. United States*, 79 Fed. Cl. 769, 775 (2007)). And, because Plaintiff has not been convicted of a crime, he cannot seek relief pursuant to 28 U.S.C. § 1495.[5] Gov't 2/28/14 Mot. 7 (noting that § 1495 requires a plaintiff to provide a certification that his conviction was false).

c.     **The Court's Resolution.**

As a matter of law, the United States Court of Federal Claims does not have jurisdiction to supervise Plaintiff's criminal case pending in the United States District Court for the Western District of Texas. *Joshua*, 17 F.3d at 380 ("[T]he [United States] Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). Nor does this court have jurisdiction to adjudicate criminal claims. *Id.* at 379; *see also Sanders v. United States*, 252 F.3d 1329, 1334–35 (Fed. Cir.

---

[5] Section 1495 states that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495.

2001) (holding that the United States Court of Federal Claims does not have jurisdiction over alleged breaches of criminal plea agreements because such agreements "do not ordinarily give rise to claims for money damages"). Further, to the extent Plaintiff's filing can be construed to request the appointment of new counsel in his criminal case, the court also does not have jurisdiction to review the determination of the United States District Court for the Western District of Texas regarding the adequacy of Plaintiff's appointed counsel. *Joshua*, 17 F.3d at 380. Nor does this court have jurisdiction to consider a writ of *habeas corpus*. *See Ledford v. United States*, 297 F.3d 1378, 1380–81 (Fed. Cir. 2002) (holding that the United States Court of Federal Claims does not have jurisdiction to consider *habeas* petitions).

For these reasons, Plaintiff's December 2, 2013 Request For Supervision is denied.

### 2. Plaintiff's January 2, 2014 Motion For Appointment Of Counsel.

#### a. Plaintiff's Argument.

Next, Plaintiff argues that this court should appoint counsel for his civil matter before this court. Pl. 1/2/14 Mot. 2. Plaintiff argues that Plaintiff's indigence, confinement as a pre-trial detainee, limited legal knowledge and inability to access a law library, as well as this case's complexity, necessitate appointment of counsel. Pl. 1/2/14 Mot. 1–2.

#### b. The Government's Response.

The Government responds that Plaintiff has failed to demonstrate any extreme circumstances justifying appointment of counsel in a civil matter. Gov't 1/17/14 Resp. 1–2 (citing *Washington*, 93 Fed. Cl. at 709 (noting only exceptional circumstances warrant appointing an attorney in civil cases)).

#### c. The Court's Resolution.

The *Eldridge* factors do not necessitate the appointment of counsel in this case. *See Eldridge*, 424 U.S. at 335 (requiring courts to examine (1) the private interest affected by an official action, (2) "the risk of an erroneous deprivation of such interest" along with the value of additional procedural safeguards, and (3) the functional and administrative interests of the Government). The underlying criminal proceeding in Texas, on which Plaintiff bases his claims, does implicate Plaintiff's private interest in personal liberty. Any risk of erroneous deprivation of Plaintiff's personal liberty, however, would not be significantly lessened by the imposition of additional safeguards in the form of parallel proceedings in this court. Moreover, Plaintiff has court-appointed counsel for his criminal matter in Texas. There is no reason on this record to doubt the adequacy of the due process protections afforded Plaintiff in that criminal matter. Furthermore, additional procedural safeguards would impose increased fiscal and administrative burdens upon the Government and impair the Government's interest in expeditious resolution of criminal trials.

Finally, the Complaint does not allege the type of extreme circumstances necessary to warrant appointment of counsel under Section 1915. *See Washington*, 93 Fed. Cl. 708 (finding that only "extreme circumstances" would warrant appoint of counsel in civil cases). Therefore, Plaintiff's January 2, 2014 Motion For Appointment of Counsel is also denied.

### 3. The Government's February 28, 2014 Motion To Dismiss.

#### a. The Government's Argument.

The Government argues that the court does not have jurisdiction to adjudicate the civil rights claims alleged in the January 2, 2014 Amended Complaint against an FBI agent, a federal judge, an Assistant United States Attorney, and a public defender in their personal capacities. Am. Compl. 4. Moreover, the United States Court of Federal Claims does not have jurisdiction to adjudicate claims against individual government officials. Gov't 2/28/14 Mot. 7 (citing *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011)). Nor does the court have jurisdiction to consider claims arising under 42 U.S.C. § 1983. Gov't 2/28/14 Mot. 8 (noting that § 1983 claims are the exclusive province of federal district courts).

In addition, the United States Court of Federal Claims does not have jurisdiction to adjudicate alleged violations of Plaintiff's Fourth, Sixth and Thirteenth Amendment rights because these Amendments are not money-mandating. Gov't 2/28/14 Mot. 8–10. Nor is the Due Process Clause of the Fifth Amendment money-mandating. Gov't 2/28/14 Mot. 8–10.

The United States Court of Federal Claims also does not have jurisdiction to adjudicate Plaintiff's claim that the Government "defam[ed] [his] character" or other allegations that may be construed as tort claims. Gov't 2/28/14 Mot. 10 (quoting Am. Compl. 3).

As for the January 23, 2014 Affidavit, it appears to seek discharge of an alleged debt, presumably the $250,000 listed as the maximum fine on Plaintiff's September 10, 2013 Criminal Complaint. Gov't 2/28/14 Mot. 10–11. Even if Plaintiff actually owed the alleged debt, which he does not, the request for a discharge of that debt is a claim for equitable relief over which the United States Court of Federal Claims also does not have jurisdiction. Gov't 2/28/14 Mot. 11.

#### b. Plaintiff's Response.

Plaintiff responds that the United States Court of Federal Claims has jurisdiction "on any claim against the United States [G]overnment," pursuant to the Tucker Act, 28 U.S.C. § 1491. Pl. 2/11/14 Mot. 2. Plaintiff also argues that this court has jurisdiction pursuant to: 18 U.S.C. § 3626 ("Appropriate remedies with respect to prison conditions"); 28 U.S.C. § 2283 (limiting when a federal court may enjoin proceeding in a state court); 28 U.S.C. § 2284 (imposing procedures for three-judge district court panels); 28 U.S.C. § 1334 (granting original and exclusive jurisdiction to district courts over bankruptcy cases and proceedings unless a Congressional Act grants jurisdiction to another court); Fed. R. Bankr. P. 7052; and Fed. R. Civ. P. 52. Pl. 2/11/14 Mot. 2, 5.

Plaintiff also contends that the United States may not demand monetary fines relating to Plaintiff's criminal matter in district court, because Plaintiff has not waived his sovereign immunity, nor has Plaintiff entered into a contract with the Government regarding such a fine. Pl. 2/11/14 Mot. 3–4 ("Congress has never enacted a . . . law or provisions for the imposing of fines nor any kind of monetary bill . . . . upon free sovereign individuals. . . . The Plaintiff . . . has not given up his sovereign[] rights").

In addition, Plaintiff asserts that "defendants' . . . demand[] . . . [of] unconstitutional payment of $250,000 in fines would be [a] breach of contract and even [a] breach of *their* duty to uphold *their* Constitution" because Article I of the United States Constitution prohibits states from "mak[ing] any [] thing but gold [and] silver coin a tender in payment [of] debts." Pl. 2/11/14 Mot. 3 (emphasis in original) (quoting U.S. Const. art. I, § 10).

### c. The Court's Resolution.

For the reasons discussed below, the court must dismiss the claims alleged in the December 2, 2013 Complaint and the January 2, 2014 Amended Complaint.

#### i. The United States Court Of Federal Claims Does Not Have Subject Matter Jurisdiction To Adjudicate Allegations Against Government Officials In Their Individual Capacities.

The Tucker Act grants the United States Court of Federal Claims jurisdiction to consider only "suits against the United States, not against individual federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *see also* 28 U.S.C. § 1491(a)(2) (limiting jurisdiction to issue orders to United States officials only as "an incident of and collateral to a money judgment against the United States"). Furthermore, judicial immunity is broad for acts committed within a judge's judicial jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) (noting that "[f]ew doctrines [are] more solidly established . . . than the immunity of judges from liability for acts committed within their judicial jurisdiction").

#### ii. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Fifth Amendment Due Process Claims Or Claims Under The Fourth, Sixth, Or Thirteenth Amendment To The United States Constitution.

The United States Court of Federal Claims may adjudicate monetary claims founded upon the United States Constitution if the claim arises under a constitutional provision requiring the payment of money damages. *See Mitchell*, 463 U.S. at 216 (holding that jurisdiction over claims founded upon the Constitution must also satisfy the Tucker Act's jurisdictional demands); *see also Noel v. United States*, 16 Cl. Ct. 166, 169 (1989) (holding that claims must arise under a constitutional, regulatory, or statutory provision mandating payment of money to be within the jurisdiction of the United States Court of Federal Claims).

But, Fourth Amendment claims are not within this court's jurisdiction, because it is not a money-mandating provision of the United States Constitution. *See Handford v. United States*, 63 Fed. Cl. 111, 119 (2004). Likewise, the Fifth Amendment's Due Process Clause is not money-mandating. *See Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) (holding that a due process violation "does not obligate the [G]overnment to pay money damages"). Nor does the Sixth Amendment mandate payment of money damages. *See also Jones v. United States*, 104 Fed. Cl. 92, 99–100 (2012) (finding that the Sixth Amendment is not money-mandating) (citing *Treece v. United States*, 96 Fed. Cl. 226, 231 (2010)). Finally, the Thirteenth Amendment is not

money-mandating. *See Johnson*, 79 Fed. Cl. at 774 (finding that a Thirteenth Amendment involuntary servitude claim is not within the court's jurisdiction "because it does not mandate the payment of money damages").

          iii.    **The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Tort Claims.**

To the extent the January 2, 2014 Amended Complaint alleges tortious conduct by the Government, including but not limited to defamation, the United States Court of Federal Claims does not have jurisdiction to adjudicate tort claims. *See* 28 U.S.C. § 1491 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . for liquidated damages . . . in cases not sounding in tort.").

          iv.    **The United States Court Of Federal Claims Does Not Have Jurisdiction To Equitably Discharge Debts.**

The January 23, 2014 Affidavit appears to seek discharge of an alleged debt owed by Plaintiff. Pl. 1/23/14 Aff. 4; *see also* Pl. 2/11/14 Mot. 3–4 (arguing that requiring Plaintiff to pay $250,000 in fines would be unconstitutional and a "breach of contract"). A claim for discharge of debt is a request for equitable relief, over which the United States Court of Federal Claims does not have jurisdiction. *See Johnson v. United States*, 105 Fed. Cl. 85, 94–95 (2012).

**III.    CONCLUSION.**

Plaintiff's January 2, 2014 Motion For Appointment Of Counsel is denied.

The United States Court of Federal Claims does not have jurisdiction to adjudicate the claims asserted in the December 2, 2013 Complaint and January 2, 2014 Amended Complaint. Therefore, the Government's February 28, 2014 Motion to Dismiss is granted. The Clerk of the Court is ordered to dismiss the December 2, 2013 Complaint and January 2, 2014 Amended Complaint.

**IT IS SO ORDERED.**

                                                                **SUSAN G. BRADEN**
                                                                **Judge**